CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 22, 2024

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **SAMUEL SMITH,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:24-cv-00055** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **DUFFIELD JAIL, et al.,** | ) | **Chief United States District Judge** |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

Samuel Smith, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the regional jail in Duffield, Virginia, and four individuals employed at that facility. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.      Background

Smith is currently incarcerated at the regional jail in Duffield. He alleges that he is indigent and that he cannot afford to buy his own religious materials. Compl., ECF No. 1, at 2.

On October 19, 2023, Smith submitted a grievance alleging that he is Muslim and that the chaplain had advised him that he would need to order desired religious materials through Amazon.com. Compl. Ex. 1, ECF No. 1-1 at 1. Smith asserted that he could not afford to buy anything and requested that the facility provide a copy of the Quran, a prayer hat, and a prayer rug. Compl. Ex. 1, ECF No. 1-1 at 1. In response, Captain Hayes advised Smith that he "may have religious material sent to [him]." Id. The officer also noted that the chaplain receives

donations from organizations and that the property department could provide an extra towel for Smith to use as a prayer rug. Id.

Smith subsequently submitted another grievance indicating that he found the towel recommendation insulting and that he would be filing suit under 42 U.S.C. § 1983. Compl. Ex. 2, ECF No. 1-1 at 2. He then filed this action against the "Duffield Jail," Chaplain R. Adams, Lt. R. Templeton, Cpl. Chandler, and Captain Hayes. Compl. at 1. In his request for relief, Smith indicates that he is seeking monetary damages and an order requiring that inmates of all religions be provided the religious materials that they request. Id. at 3.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274,

---

* Unless otherwise noted, the court omits internal quotation marks and citations throughout this opinion.

1278 (4th Cir. 1985). A <u>pro</u> <u>se</u> complaint "must still state a claim to relief that is plausible on its face." <u>Sakyi v. Nationstar Mortg., LLC</u>, 770 F. App'x 113, 113 (4th Cir 2019).

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

The court liberally construes Smith's complaint as attempting to assert claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc <u>et</u> <u>seq.</u> The Free Exercise Clause "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." <u>Cutter v. Wilkinson</u>, 544 U.S. 709, 719 (2005). RLUIPA "prohibits a state or local government from taking any action that substantially burdens the religious exercise of an institutionalized person unless the government demonstrates that the action constitutes the least restrictive means of furthering a compelling governmental interest." <u>Holt v. Hobbs</u>, 574 U.S. 352, 356 (2015). Importantly, however, neither provision requires government officials to "pay for an inmate's devotional accessories." <u>Cutter</u>, 544 U.S. at 720 n.8 (2005) (discussing RLUIPA); <u>see also</u> <u>Pfeil v. Lampert</u>, 603 F. App'x 665, 669–70 (10th Cir. 2015) (noting, in the context of a claim under the Free Exercise Clause, that an inmate's objection to having to purchase softbound versions of confiscated hardbound religious texts was "readily answered by precedent rejecting the notion that prisons must subsidize inmates' access to religious materials"); <u>Henderson v.</u>

Frank, 293 F. App'x 410, 413–14 (7th Cir. 2008) (affirming the dismissal of a claim based on the alleged refusal to purchase religious texts for a Taoist inmate).

It is clear from Smith's complaint that he is not being denied the right to possess a Quran or other devotional accessories. Smith acknowledges that he has been told that he may purchase religious materials or have materials sent to him. While Smith may not be able to afford all of the materials he wishes to possess, "[n]either RLUIPA nor the First Amendment requires prison officials to purchase religious materials for prisoners using government funds." Childs v. Webster, No. 3:22-cv-00256, 2024 WL 1619345, at *8 (W.D. Wis. Apr. 15, 2024). Consequently, the complaint fails to state a plausible claim for relief under the First Amendment or RLUIPA.

## IV.   Conclusion

For the foregoing reasons, the court concludes that the allegations in the complaint fail to state a claim upon which relief may be granted. Accordingly, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: April 19, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.19 17:26:46
-04'00'

Michael F. Urbanski
Chief United States District Judge

4